NO. 07-11-00118-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
13, 2011

 



 

IN RE ROLAND BOSWELL, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator, Roland Boswell, has filed a “Writ of Mandamus” requesting
this Court to order the 320th District Court of Potter County,
Texas, to dismiss with prejudice a pending criminal indictment in cause number 54,144-D due to the State’s alleged failure to
timely prosecute.  We deny the petition.

Texas
Rule of Appellate Procedure 52.3[1]
identifies the requirements for a petition for writ of mandamus[2]
filed in this Court.  Boswell has failed
to comply with these requirements.  Rule
52.3(a) requires that a petition must include a complete list of all parties
and the names and addresses of all counsel. 
Boswell does not identify any of the parties against whom he seeks
mandamus relief.  In fact, the only
identification of the respondent comes from an identification of the trial
court and the cause number on motions appended to the petition for writ of
mandamus.  Rule 52.3(b) requires that the
petition include a table of contents with references to the pages of the
petition and an indication of the subject matter of each issue or point raised in the petition. 
Boswell’s petition includes no table of contents.  Rule 52.3(c) requires that a petition include
an index of authorities in which all authorities cited in the petition are
arranged alphabetically and the page(s) upon which the authorities are cited is
indicated.  Boswell=s petition includes no index of
authorities.[3]  Rule 52.3(d) requires a statement of the case
that includes a concise description of the nature of the underlying
proceeding.  Boswell=s petition does not contain a
statement of the case, and does not include a concise description of the nature
of the underlying proceeding.  Rule
52.3(e) requires the petition include a statement regarding the basis of this
Court’s jurisdiction.  Boswell’s petition
does not include a statement regarding the basis of this Court’s
jurisdiction.  Rule 52.3(f) requires the
petition include a concise statement of all issues or points presented for
relief.  Boswell’s petition includes no
such statement.  Rule 52.3(g) requires
the petition include a statement of facts supported by citation to competent
evidence included in the appendix or record. 
Boswell’s petition essentially includes little more than a statement of
facts.  Rule 52.3(h) requires a clear and
concise argument for the contentions made, with appropriate citations to
authorities.  Boswell’s petition includes
no citations to legal authority of any kind, and certainly does not identify
legal authority authorizing the extraordinary relief sought by Boswell.  Rule 52.3(j) requires the person filing the petition
to certify that he has reviewed the petition and concluded that every factual
statement in the petition is supported by competent evidence included in the
appendix or record.  Boswell did not
certify his petition.  As each of these
items are required in a petition for writ of mandamus
and Boswell has failed to comply with these requirements, we may not grant the
relief that he requests.  Additionally,
Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that
a document is filed with this Court, a copy of the document
must be served on all parties to the proceeding.  Boswell’s petition does not include a
certification that a copy of the petition was served on the respondent or any
other party to this original proceeding.[4]

As Boswell=s petition for writ of mandamus does
not comply with the requisites for mandamus relief, we must deny the petition.

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[2] While Boswell’s filing is denominated to be a writ of
mandamus, we construe it to be a petition requesting this Court to issue a writ
of mandamus.

 





[3] However, we note that Boswell’s petition cites no
authority, so there is no authority to include in an index of authorities.

 





[4] As Boswell failed to include a complete list of all
parties and the names and addresses of all counsel in his petition, we are
uncertain who the proper parties to this original proceeding might be.